IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sharon Lamorshia June, | ) | C/A No. 0:19-2752-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. | ) | **FROM THE SOCIAL SECURITY** |
| | ) | **ADMINISTRATION'S DENIAL OF** |
| Andrew Saul, Commissioner of the Social Security Administration, | ) | **SOCIAL SECURITY BENEFITS** |
| | ) | |
| | ) | ☐ Affirmed |
| Defendant. | ) | ☒ Reversed and Remanded |
| | ) | |

   This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

## Part I—Plaintiff seeks:

☐  Supplemental Security Income ("SSI")

   Application date:   Plaintiff's age at filing:

☒  Disability Insurance Benefits ("DIB")

   Date last insured: <u>December 31, 2014</u>

☐  Other:

Plaintiff's Year of Birth: <u>1961</u>

Plaintiff's alleged onset date: <u>June 15, 2008</u>

## Part II—Social Security Disability Generally

   Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

   A claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d

1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  <u>Grant v. Schweiker</u>, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  <u>July 23, 2019</u>

In applying the requisite five-step sequential process, the ALJ found:

Step 1:       Plaintiff was engaged in substantial gainful activity from June 15, 2008 through December 31, 2009; however, Plaintiff was not engaged in substantial activity from January 1, 2010 through December 31, 2014.

Step 2:       ☒  Plaintiff has the following severe impairments: <u>degenerative joint disease of the right shoulder and cervical degenerative changes</u>

☐  Plaintiff does not have a severe impairment.

Step 3:       ☒  Plaintiff's impairment(s) does/do not meet or medically equal a Listing.  20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:       Plaintiff's Residual Functional Capacity is as follows:

<u>[A]s of the dated last insured, I find that the claimant had the residual functional capacity to perform a range of light work as defined in in 20 CFR 404.1567(b) with some non-exertional limitations.  The claimant was capable of lifting and/or carrying 20 pounds occasionally and 10 pounds frequently.  She was capable of standing and/or walking at least 6 hours of an 8-hour workday.  She could never climb ladders, ropes, and scaffolds.  She could occasionally reach overhead bilaterally, but was limited in other directions.  She had to avoid concentrated exposure to workplace hazards.</u>

Step 5:       ☐  Plaintiff could return to his/her past relevant work.

☐  Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled.  20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒  Plaintiff could not return to his/her past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:
<u>Mail Clerk, DOT #209.687-014, light, unskilled, with 25,000 jobs found in the national economy;</u>
<u>Ticket Seller, DOT#211.467-030, light, unskilled, with 120,000 jobs found in the national economy</u>

Date of Appeals Council decision:  <u>July 23, 2019</u>

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits.  However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard."  <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996); <u>see also</u> 42 U.S.C. § 405(g); <u>Coffman v. Bowen</u>, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  <u>See Brown v. Comm'r Soc. Sec. Admin.</u>, 873 F.3d 251, 267 (4th Cir. 2017); <u>Myers v. Califano</u>, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  <u>Craig</u>, 76 F.3d at 589; <u>see also</u> <u>Biestek v. Berryhill</u>, 139 S. Ct. 1148, 1154 (2019); <u>Pearson v. Colvin</u>, 810 F.3d 204, 207 (4th Cir. 2015).  "Under the substantial-evidence standard, a court looks to an existing administrative record and

asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted).  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).  Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**Part V—Issues for Judicial Review:**

    I.    The ALJ erred in dismissing evidence solely because it was from after the date last insured.  The RFC findings are not substantially supported without the application of the post DLI evidence to the analysis.

    II.    The ALJ failed to properly assess medical source opinion evidence.

    III.    Evaluation of subjective symptomology of the Plaintiff[.]

**Oral Argument**

    ☒ **Held on September 10, 2020.**

    ☐ **Oral argument not necessary for disposition**

**Summary of Reasons:**

The court reverses the Commissioner's decision pursuant to the following authorities/reasons:

- Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 345 (4th Cir. 2012) (holding that the Commissioner "must give retrospective consideration to medical evidence created after a claimant's last insured date when such evidence may be 'reflective of a possible earlier and progressive degeneration' "); 20 C.F.R. § 404.1527(c) (detailing the factors for weighing medical opinion evidence); Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (providing that in the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion and that "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight") (citations omitted).

- The ALJ appears to have rejected medical evidence after the Plaintiff's date last insured ("DLI") solely because it was issued after the relevant time period, contrary to Bird. (Compare Tr. 25 ("[M]any of the submitted records were for the period following the expiration of the date last insured and therefore irrelevant.") and Tr. 27 ("While the insured submitted multiple medical records for the period following the date last insured of December 31, 2014, I have determined that these records are not relevant to the claimant's claim for disability *as they are for the time period following the date last insured.*") (emphasis added)) with Bird, 699 F.3d at 345.  Medical opinion evidence by treating physicians expressly stated that Plaintiff's right shoulder condition existed prior to her date last insured. (Tr. 349.)  No competing opinion evidence disputes this.  Although the ALJ summarized the post-DLI evidence "[f]or continuity purposes" (Tr. 28), she did not

    mention <u>Bird</u> or conduct the analysis required therein. Although the Commissioner argues that the ALJ properly considered the later evidence and rejected it in favor of more contemporaneous evidence in the record, that analysis is lacking in the ALJ's decision and, if that was indeed the ALJ's conclusion, the court is left to guess why. <u>See</u> <u>Monroe v. Colvin</u>, 826 F.3d 176, 189 (4th Cir. 2016) (remanding where the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion") (citation omitted); <u>Mascio v. Colvin</u>, 780 F.3d 632, 636-37 (4th Cir. 2015) (holding remand may be appropriate when the courts are left to guess at how the ALJ arrived at the conclusions and meaningful review is frustrated).

- This is particularly so in light of records from December of 2014 documenting worsening pain prior to the date last insured. (See Tr. 244-45.) This error impacts the remainder of the sequential process, so Plaintiff's other issues should also be considered and addressed on remand.

## ORDER

☐  **Affirmed for the reasons stated on the record. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☒  **Reversed and remanded pursuant to ☒ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐  **Reversed and remanded for an award of benefits.**

    **IT IS SO ORDERED.**

_____
September 14, 2020                     Paige J. Gossett
Columbia, South Carolina          UNITED STATES MAGISTRATE JUDGE